FILED

July 30 2013

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0091

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 213N

IN THE MATTER OF:

S.M.G., N.M., M.M., R.M.G.,

Youths in Need of Care.

APPEAL FROM: District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause Nos. DDN 11-054, -055, -056, -057
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Lucy Hansen, Hansen Law Firm; Missoula, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
Assistant Attorney General; Helena, Montana

John Parker, Cascade County Attorney, Jennifer I. Quick, Deputy County
Attorney; Great Falls, Montana

Submitted on Briefs: July 3, 2013

Decided: July 30, 2013

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant E.M. appeals the order of the Eighth Judicial District Court, Cascade County, terminating her parental rights. We affirm.

¶3 E.M. (Mother) is the biological mother of S.M.G., N.M., M.M., and R.M.G. (collectively "the children"). The Department of Public Health and Human Services (Department) removed the children from Mother's care on May 11, 2011, when it received a report of the children's home environment and Mother's chemical dependency issues. The report claimed that Mother was "passed out drunk" while caring for the children.

¶4 Officers who arrived at Mother's apartment had to awaken Mother. Mother seemed intoxicated while the children were running around unsupervised. The officers contacted Child Protective Services.

¶5 Child Protective Services found unsanitary conditions at the apartment, safety issues and neglect of the children. All the children reported to have medical issues that stem from neglect of health and sanitation, including head lice and scabies. Mother failed to treat these health issues. All of the children were under 10 years old at this time.

¶6 Mother has a history with the Department. The Department had removed the children in 2006 after the Department discovered unsafe living conditions. The Department placed the children into foster care at that time.

¶7 The Department filed a petition for emergency protective services, temporary legal custody, and adjudication of the children as youths in need of care on May 18, 2011. The District Court held a hearing on the petition several months later. Mother stipulated at the hearing that the children were youths in need of care and agreed to work with the Department on a treatment plan.

¶8 Mother failed to complete the treatment plan and continued to deny that she had a chemical dependency problem. Mother was incarcerated in November 2011 for several days and then again in December for drug possession. Mother's failure to follow the treatment plan and her arrests prompted the Department to extend temporary legal custody for another six months.

¶9 The Department filed a petition for permanent legal custody and termination of the mother's parental rights pursuant to § 41-3-609(1)(f), MCA, on October 18, 2012. The District Court held a hearing. The District Court issued findings of fact, conclusions of law and an order terminating Mother's parental rights. The District Court determined by clear and convincing evidence established that the conduct and condition rendering Mother unfit was unlikely to change within a reasonable time. The Court found that the children already had been in foster care for 18 months and that Mother had failed to follow the treatment plan. Mother appeals.

¶10 Mother argues on appeal that the treatment plan was inappropriate. Mother further argues that the Department failed to establish by clear and convincing evidence that her conduct made her unfit and unlikely to change within a reasonable time. We review for an abuse of discretion a district court's decision to terminate parental rights. *In re R.M.T.*, 2011 MT 164, ¶ 26, 361 Mont. 159, 256 P.3d 935.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. It is manifest on the face of the briefs and the record before us that the treatment plan was appropriate, and that substantial evidence supports the District Court's findings of fact and that the District Court correctly applied the law to these facts.

¶12 Affirmed.

/S/ BRIAN MORRIS

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON